UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ESCOBAR,<br><br>    Plaintiff<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:15-CV-01434-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.   PROCEDURAL HISTORY

Plaintiff Sandra Escobar ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits.  The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkt. 11, 12] and briefs addressing disputed issues in the case [Dkt. 22 ("Pltf.'s Br.") & Dkt. 25 ("Def.'s Br.")].  The Court has taken the parties' briefing under submission without oral argument.

## II.   ADMINISTRATIVE DECISION UNDER REVIEW

On March 12, 2012, Plaintiff filed an application for Disability Insurance Benefits, alleging that she became disabled as of August 30, 2011.  [Dkt. 15, Administrative Record ("AR") 17, 136-44.]  The Commissioner denied her initial

claim for benefits and then denied her claim upon reconsideration. [AR 83-98.] On November 19, 2013, a hearing was held before Administrative Law Judge ("ALJ") Mark B. Greenburg. [AR 32-49.] On December 13, 2013, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 14-31.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff "has not engaged in substantial gainful activity since August 30, 2011, the alleged onset date." [AR 19.] At step two, the ALJ found that Plaintiff suffered from "the following severe impairments: diabetes mellitus, hypertension, obesity, degenerative disc disease, and clinical carpal tunnel syndrome versus diabetic neuropathy." [*Id.* (internal citations omitted).] Next, the ALJ determined that Plaintiff did not "have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." [AR 21 (internal citations omitted).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in 20 CFR 404.1567(b) except: the claimant can occasionally perform postural activities; the claimant cannot climb using ladders, ropes, or scaffolds; the claimant can perform frequent bilateral handling and/or fingering; the claimant can occasionally operate foot controls; the claimant must avoid hazards.

[*Id.*] Applying this RFC, the ALJ found that Plaintiff is capable of performing her past relevant work as an investigator. [AR 27.] Plaintiff sought review from the Appeals Council, which denied review. [AR 1-6.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d

1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). In addition, [a] decision of the ALJ will not be reversed for errors that are harmless." *Burch*, 400 F.3d at 679.

## IV. DISCUSSION

### A. The ALJ Failed to Provide Legally Sufficient Reasons for Rejecting Plaintiff's Credibility.

The sole question raised by Plaintiff is whether the ALJ properly rejected her credibility. Because the ALJ determined that Plaintiff suffered from physical impairments, the ALJ could reject her testimony regarding her impairments and their effect on her ability to work only upon finding "affirmative evidence" of malingering or by expressing "clear and convincing reasons" for doing so. *Smolen v. Chater,* 80 F.3d 1273, 1283-84 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'" (internal citation omitted)) The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which

the claimant complains. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. § 404.1529(c).

Plaintiff alleges that she stopped working due to pain, numbness, and tingling in her wrists and back. [AR 22, 35-36.] Plaintiff reported problems sitting, standing, lifting, and walking. [AR 22, 36-37.] At the administrative hearing, Plaintiff used a walker and wore wrist braces. [AR 22.] She mentioned that her doctor prescribed her a four-wheel walker, but she had been unable to purchase the walker due to financial problems. [*Id.*] Plaintiff testified that she spends time during the day on her recliner and lies down approximately four times a day for one hour at a time to relieve pain in her legs and back. [*Id.*] Plaintiff stated that she is limited to sitting for thirty minutes before needing to lay down. [AR 22, 38-39.] Plaintiff also stated that she is limited to walking approximately one block with her walker or pushing a cart, can lift no more than five pounds, and can stand for approximately one hour in an eight-hour day. [*Id.*]

The ALJ did not find malingering but determined that Plaintiff's allegations regarding the severity of her symptoms and limitations were only partially credible. [AR 23-27.] The ALJ discredited Plaintiff's subjective symptom testimony on the stated grounds that: (1) Plaintiff's daily activities were inconsistent with an inability to perform *any* work, (2) the amount of treatment pursued by Plaintiff was conservative; and (3) Plaintiff's pain complaints were inconsistent with the objective medical evidence. [AR at 23-24.]

### 1.  Plaintiff's Performance of Daily Activities

The first reason cited by the ALJ for finding Plaintiff not credible is his conclusion that Plaintiff's testimony regarding her daily activities was consistent with the ability to perform light work. [AR 27.] In other words, it appears that the ALJ found that Plaintiff's testimony was internally inconsistent, because (in his view), the daily activities she stated she was able to perform were consistent with light work while her claims of chronic pain and inability to sit for extended periods

and ambulate adequately were not. An ALJ may rely on a claimant's daily activities to support an adverse credibility determination when those activities: (1) "contradict [the claimant's] other testimony"; or (2) "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). But "[t]he ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch*, 400 F.3d at 681). Although the ALJ found that Plaintiff's reports of her daily activities were inconsistent with an inability to perform any work [AR 23], the ALJ did not identify which specific daily activities conflicted with which part of Plaintiff's testimony, much less explain any such conflict, nor identify and explain how Plaintiff's activities might be transferable to a work setting. *See Orn*, 495 F.3d at 639. The ALJ merely noted that Plaintiff "can perform personal grooming activities without assistance, drive a vehicle, prepare simple meals and occasionally accompany her daughter grocery shopping." [*Id.*] This conclusory allusion to common personal life activities was insufficient to establish a conflict with Plaintiff's testimony. *See id.*; see also; *Garrison v. Colvin*, 759 F.3d 995, 1015-16 (9th Cir. 2014) ("[w]e have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day," and holding that the ALJ erred in concluding that the plaintiff's reported daily activities, which "included talking on the phone, preparing meals, cleaning her room, and helping to care for her daughter," were inconsistent with her pain complaints); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("many home activities are not easily transferable to what may be the more grueling

5

environment of the workplace, where it might be impossible to periodically rest or take medication"). Thus, the record fails to show that Plaintiff's asserted life activities are inconsistent with her allegedly disabling symptomatology.

### 2. Plaintiff's Medical Treatment

The ALJ next discounted the Plaintiff's credibility because he found that Plaintiff's "medical records reveal grossly conservative medical treatment, including recommendations of physical therapy for [Plaintiff's] back pain." [AR at 26.] In appropriate circumstances, a conservative course of treatment may serve as a basis for discrediting a claimant's allegations of disabling symptoms. *See*, *e.g.*, *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (treatment with over-the-counter pain medication is "conservative treatment" sufficient to discredit a claimant's testimony regarding allegedly disabling pain).

Here, however, the record indicates that Plaintiff's treatment is not properly characterized as "conservative." Plaintiff received cortisone injections as well as prescriptions for narcotic pain medication (Gabapentin and Tramadol). [AR 37]; *see, e.g., Harrison v. Astrue*, No. 3:11-cv-365-MA, 2012 WL 527419, at *7 (D. Or. Feb. 16, 2012) (treatment including narcotic medications, nerve blocks and multiple steroid injections "certainly not conservative"). In addition, Plaintiff explained that her physician had recommended that she undergo spinal surgery and spinal epidural injections, and she was waiting for her insurance company to approve the epidural injections. [AR 39-40, 340.] Plaintiff also stated that she had been prescribed a four-wheel walker but was unable to purchase the walker due to financial problems. [AR at 22.] Her physician's recommendations were for much more aggressive treatment than she had received to date. The fact that she could not afford to take all of his recommendations, or that her insurance company had yet to approve some steps, does not render her treatment "conservative." As the ALJ did not challenge Plaintiff's inability to afford greater treatment or get insurance approval, it is improper to reject Plaintiff's credibility on these grounds. *Gamble v. Chater*, 68

F.3d 319, 321 (9th Cir.1995) ("claimant cannot be denied benefits for failing to obtain medical treatment that would ameliorate h[er] condition if [s]he cannot afford that treatment").

### 3. The Objective Medical Evidence

Finally, the ALJ found that Plaintiff's allegations of disabling pain and incapacitating physical limitations are inconsistent with the objective medical evidence. [AR 23.] The ALJ provided a thorough summary of the medical record in his decision. Furthermore, Plaintiff does not challenge the ALJ's determination of weight afforded to the findings and opinions of the various physicians. However, as the Commissioner correctly concedes, lack of objective medical evidence *cannot* be the sole reason for discounting Plaintiff's testimony about the severity of her physical impairments. [Def.'s Br. 5:8-15.]

Here, there is medical evidence that is, in fact, *consistent* in material respects with Plaintiff's testimony. Multiple physical exams revealed tenderness to palpation of the lower back and lumbosacral region. [AR at 225, 316-17, 501-02.] An April 2013 lumbar MRI showed moderate to severe central canal narrowing at L4-5, mild posterior disc bulge, mild anterolisthesis, moderate to severe degenerative facet joint arthropathy at L4-5, and a small synovial cyst posterior and inferior to the right and left facet joints at L4. [AR at 496-97.] The medical record also contained some positive Tinel's tests, Phalen's tests, and straight leg raising tests on the left leg. [AR 26; 257-8; 281; 301; 393; 433-34; 454; 494; 496; 501-02.] Particularly in light of the several medical record findings that are *consistent* with Plaintiff's complaints, the ALJ's adverse credibility determination based on *inconsistency* with the record evidence cannot stand on its own, without an additional, valid reason for discounting Plaintiff's complaints. *See Bunnell v. Sullivan*, 947 F.2d 341, 344-45 (9th Cir. 1991) ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the [symptoms]"); *Robbins v. Comm'r of Soc. Sec. Admin.*, 466 F.3d 880,

883 (9th Cir. 2006) (explaining that the ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence"); *Smolen*, 80 F.3d at 1282.

*****

Accordingly, for the reasons stated above, the Court finds that the ALJ improperly discredited Plaintiff's subjective symptom testimony, and this is reversible error.

## CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81. The Court has found that the ALJ erred at step four of the sequential evaluation process. Thus, remand is appropriate to allow the Commissioner to continue the sequential evaluation process

starting at step four.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS HEREBY ORDERED.**

DATED: August 16, 2016    _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE